# IN THE COURT OF APPEALS OF IOWA

No. 19-1053
Filed September 25, 2019

**IN THE INTEREST OF D.D.,**
**Minor Child,**

**A.D., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights. **AFFIRMED.**

Dusty Lea Clements of Clements Law and Mediation, Newton, for appellant mother.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

Paul White of Juvenile Public Defender's Office, Des Moines, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., Greer, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find the juvenile court properly denied the mother's request to extend the case for an additional six months. We also find termination of the mother's parental rights is in the child's best interests. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

A.D. is the mother of D.D., born in 2018.[1] The mother has a long history of substance abuse. Her parental rights to an older child were terminated in 2017. This child was born with cocaine and opiates in her system. The child was removed on April 27, 2018 and placed in foster care. The mother also tested positive for cocaine and opiates. The juvenile court adjudicated the child to be in need of assistance, pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2018).

In June 2018, the mother was accepted into recovery court but was unsuccessfully discharged two weeks later. The mother began a substance-abuse treatment program in September 2018 and was discharged a few weeks later for bringing unauthorized prescription medications into the facility. She consistently attended visitation but was often late. She was inattentive to the child, often going outside for smoke breaks or to talk on the phone. She sometimes appeared to be under the influence of a controlled substance during visits. The mother had a difficult time providing adequate care for the child during supervised visits.

---

[1] The father died in January 2019 from an overdose of illicit drugs.

On January 7, 2019, the State filed a petition seeking to terminate the mother's parental rights. The mother had a substance-abuse evaluation on January 31. She entered a substance-abuse treatment program on March 12. She tested positive for opiates at the time of admission. She began to receive services for her mental health while she was in treatment. At the termination hearing, which was held on April 2, the mother testified the child could be placed in her care at the treatment facility.

The juvenile court terminated the mother's rights under section 232.116(1)(d), (g), (h), (i), and (*l*) (2019). The court found the State engaged in reasonable efforts to reunite the mother with the child. The court denied the mother's request for a six-month extension of the case. The court concluded termination is in the child's best interests and none of the exceptions in section 232.116(3) should be applied. The mother appeals.

## II.    Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Extension of Time

The mother claims the juvenile court should have granted her an additional six months to work toward reunification. She points out she is attending treatment for her substance abuse and states she should be given time to complete treatment. The mother also states it may take time for the Iowa Department of Human Services (DHS) to find a permanent placement for the child because it was

waiting for an out-of-state study of the paternal grandparents, and she argues termination should be delayed during this time period.

Under section 232.117(5), the juvenile court may order an extension of time under section 232.104 as an alternative to terminating parental rights. A six-month extension may be granted based on a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

In denying the mother's request for an extension of time, the juvenile court stated:

> For two and one-half years, the mother was offered substance abuse treatment, therapy, parenting and supportive services. Despite services, she continued to use drugs and attended visits with her baby high. Thirty-two days of sobriety is insufficient to not terminate the mother's parental rights. She has been unable and/or unwilling to make the necessary changes to safely parent the baby. D.D. needs permanency that can only be established through termination.

We agree with juvenile court's findings. The mother waited until after the petition for termination of parental rights was filed to continue with a substance-abuse treatment program for more than a few weeks. We find further delay is contrary to the child's best interests. "[P]atience with parents can soon translate into intolerable hardship for their children." *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987); *In re D.S.*, 806 N.W.2d 458, 472 (Iowa Ct. App. 2011). Further, whether or not DHS has an immediate placement for the child, it is in the child's best interests to establish this step—terminating the mother's parental rights—so a permanent and stable placement for the child may be attained.

### IV. Best Interests

The mother asserts termination of her parental rights is not in the child's best interests. She notes her recent progress in the substance-abuse treatment program and states the child could be placed in her care at the treatment facility. In considering the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

We find termination of the mother's parental rights is in the child's best interests. The child has been out of the mother's care since birth. The juvenile court found the child was not bonded to the mother. Although the mother usually attended visits, she was often late. She was not attentive to the child and sometimes appeared to be under the influence of a controlled substance. The mother has not shown she is able to meet the child's needs for stability and permanency.

We affirm the juvenile court order terminating the mother's parental rights.

**AFFIRMED.**